UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

# 15CV2225

_Mario Valdiviezo_

*(in the space above enter the full name(s) of the plaintiff(s).)*

-against-

_The City of New York_

_Dect: Kimberly Marshall_

_Edward Friedman_

*(in the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**COMPLAINT**
under the
Civil Rights Act, 42 U.S.C § 1983
(Prisoner Complaint)

Jury Trial:  ☑ Yes  ☐ No
(check one)

RECEIVED
SDNY PRO SE OFFICE
2015 MAR 24 P 12:04

1.   **Parties in this complaint:**

A.   List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff     Name   _Mario Valdiviezo_
              ID #   _11578161 R_
              Current Institution   _G.M.D.C_
              Address   _15·15 Hazen St_
              _East Elmhurst, NY 11370_

B.   List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1   Name   _The City of New York_   Shield #_____
                  Where Currently Employed _____
                  Address _____

Defendant No. 2   Name Kimberly Marshall   Shield # 750
Where Currently Employed   NYPD
Address Brooklyn Special Victims Squad

Defendant No. 3   Name Edward Friedman   Shield #
Where Currently Employed
Address 26 Court Street Suite 1903
Brooklyn, NY 11242

Defendant No. 4   Name   Shield #
Where Currently Employed
Address

Defendant No. 5   Name   Shield #
Where Currently Employed
Address

II.   Statement of Claim:

State as briefly as possible the facts of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A.   In what institution did the events giving rise to your claim(s) occur?
66 Precint Brooklyn, NY 11218

B.   Where in the institution did the events giving rise to your claim(s) occur?
Storage room

C.   What date and approximate time did the events giving rise to your claim(s) occur?
Feb 28, 2013 at around 11:15 PM

# Statements of Facts!

On the day of Feb 28, 2013 I was arrested at the 66 precint for a misdemesnor, which was dismissed months later.

I was detain at the precint 66, since 5:45pm, awaiting into they could charge me with another case. At around 11:15pm, I was interview by Dect Kimberly Marshall, shield # 750 and P.O Cruz, but didn't have the interprete I had have requested earlier, since my english is not too good, Violating my New York constitution Article 1 "Bill of Rights" Section §11 (Equal Protection of laws, discrimination in civil rights prohibited): No person shall be denied the equal protection of the laws of this state or any subdivision thereof: No person shall, because of race, color, creed or religion, be subjected to any discrimination in his civil rights by any other person or by any agency or subdivision of the state. However I did spoke to Dect Marshall with some difficulties, but I was Never read, reminded, show, or offered by them any Miranda rights, beverages, food or bathroom break, Neither decline the offert like they falsely stated, since I was there from 5:45pm after a long day from Work. Violating Not only my New York Constitution Article 1 Section 11, but also my 14th amendment from my U.S Constitution.

In my interview with dect Marshall, she suffested to give her a statement for the Judge, so I could go home, Not Knowing of my rights, being my first time arrested and trying to be cooperative and Not Knowing the reason I was been arrested, I wrote a statement, there's a verbal statement as well, were I mention Knowing Ms Morrero two years ago, having sex with her 4 to 5 times and her been 17 at the time, but according to Dect Marshall

notes I had say 16 and not 17 years old. (Exhibit 4)
Verbal statement Not signed by me or writing by me.
According to statement by Dect Marshall there's a DVD and a
Hard drive found hidden together in the back of a Closet
bedroom (Exhibit 6) but on a statement signed by Ms Hernandez
(Ms Marrero's Cousing) were she state the she found on 2/27/13
inside a BookBag, the DVD (sex video) There's no mention of
any Hard drive been found inside a Bookbag, hidden in the
back of any closet bedroom. (Exhibit 2) "There were No closet at all".
Hard drive the I have requested to see it since I have no
recollition of any hard drive being in any bookbag. However I do
have a Hard drive in my livingroom placed together with my
DJ equitment which I use to store all my music, item the
it sure had have never been Seizure with out a warrant
Violating my IV amendment: The right of the people to be
secure in their houses, papers and effects, against unreasonable
searches and seizures, shall Not be Violated, and NO Warrants
shall issue, but upon probable cause supported by Oath or
affirmation, and particularly describing the place to be searched,
and the persons or things to be seized.
Based on Ms Marshall Opinion and Not Facts, the hard drive contains
evidence related to the crime I being falsely accure (Exhibit 3)
which the report come back Negative, no videos or images matching
the requested criteria.
On March 6, 2013 the date of my indictment, the City of New York
Violate my 1st, 5th and 14th amendments of my U.S. constitution
by depriving my right to a Grand Jury, denied the liberty

of speech or of the press to defend my self.

Due to the Ineffective Assistance of Counsel, on July 16, 2013 I have put a motion for Bail reduction, which was denial to the oppose of the A.D.A, mentioning the I was a Flight Risk, I mention my Counsel at the time, Mrs. LISA SALVATORE, The I am a legal resident the I have family and a daughter to support, and if I want it to leave the country I Would had have took the offer to plea guilty to a Non Violent Crime and have sign my deportation like they Were offer me. to what my counsel just keep Quiet Violating my 8th and 14th amendment of my U.S. Constitution.

(Exhibit 5) I also sent 2 Motions on January 19, 2014 ( 30.30 /
(Exhibit 6) Defective indictment for Multiplicitus and duplicitus Counts) which it was Never mentioned, amuser, or even denial. I question Ms Salvatore many times about my motions, but never got an answer till Dec 8 2014 before I got appointed to a new counsel, to what she reply "Motions made by inmates are never take into consideration" So Why is the reason the City of New york have D.O.C placing motions available to detainees?

The Court not acknowledge my 2 motions from January 2014 and the ineffective Assistance of Counsel is a violation of my 1st amendment (the right to petition the goberment to correct injustices 5th amendment (right not to be put in double jeopardy) due to my duplicitus and Multiplicitus counts. 6th amendment (right to speedy trial 14th amendment (Deny to any person the equal protection of the law) and my New york state Constitution, Article 1, section 6 (the right to effective Counsel)

On the same day Dec 8, 2014 my new counsel Mr Edward Friedman introduce him self and I was told he would contact me before the court date, which never happen, and on January 23, 2015 I actually got to talk to Mr Friedman for the first time, and I was told by him unprofessionally to just cop out, with out even want to heard my side of events or analyzing the whole case, to just take a plea and not go to a trial the is lost, But if I did want to go to trial, he wouldn't mind get the 70$ dollars an hour! it was clearly he didnt met the standards of section 3.1 (a) of the American Bar Association, and his ability to represent me properly. I understand the counsel have the right to advise the client, but I would think the for a better defense or advise the counsel have the obligation to heard the client side of events. On Dec 12, 2014 I put a motion for reassignment of (Exhibit 7) counsel, and on the day of court January 23, 2015 I was told by the judge the this is not a restaurant the I could have what I want, and I was asked what was the reason I cant comunicate with Mr Friedman, making it an issue of lack of english on my part, disregarding or mentioning the real reason explaining in my motion or let me know if my motion was denied. Now I am stock by the court with a counsel who have no comunication with me, who have no faith on me, the till this date March 12, 2015 had have only 1 Video Conference who refuses to heard my side of events or take notes in anything I have to say, investigoi, or bring the witnesses I have asked for my delfences. Violating my 6th and 14th amendment of my U.S. constitution and my New York constitution Article 1 Section 6

But more importantly, bringing me to a trial the I have No idea, of how he is going to go about, trial the he knows his not going to represent me properly or Fair.

Based on the above and the continue Violations of my constitutional rights, The unfair coming up trial, jeopardizing my life and freeding, and denial the equal protection of the laws. I respectfully request that the Court take any action it may deem appropiate and proper to defendants Morstoll and Friedman for improper use of authority, Wrongful acts, ineffective assistance of Counsel and Violation of my Constitutional rights I also request monetary Compensation of (3) three million dollars for the city of New York and members of the law and justice department of New York Violated my 1st, 4th, 5th, 6th, 8th and 14th amendments of my constitutional rights and for the Court To disregard My Mental stage of Mind, but the most important reason the I bring this complaint under the civil rights act, 42 U.S.C § 1983 is not to argue about my criminal charge case, but to have my rights Protected under the U.S. Constitution, so I could have an effective counsel and a Fair trial.

Respectfully submitted

Mario Valdivieso

March 12, 2015

when and how, and their response, if any: _____

_____

_____

_____

_____

G.   Please set forth any additional information that is relevant to the exhaustion of your administrative
     remedies. _____

_____

_____

_____

_____

_____

_____

<u>Note</u>:   You may attach as exhibits to this complaint any documents related to the exhaustion of your
        administrative remedies.

V.   Relief:

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you
are seeking and the basis for such amount). I respectfully request the court to
protect my rights, take any action appropriate and proper to
the defendants Marshall and Friedman and for the violation of
my rights, suffering and mental illness the city is making me
go through I request monetary compensation of (3) three million
dollars.

_____

_____

_____

_____

_____

_____

_____

VI.   Previous lawsuits:

On
these
claims

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this
     action?

     Yes _____   No _____

I declare under penalty of perjury that the foregoing is true and correct.

Signed this _12_ day of _March_, 20_15_

Signature of Plaintiff _[signature]_

Inmate Number _11578161 R_

Institution Address _15-15 Hazen St_
_East Elmhurst, NY 11370_

**Note**:   All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this _12_ day of _March_, 20_15_ I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff: _[signature]_

Rev. 05/2010

7

8.    On March 5, 2013, I watched the video recordings on the aforementioned DVD with Skylee Marrero. Skylee Marrero identified herself and Mario Valdiviezo on each recording and identified the location during each video as the Defendant's bedroom at 6408 New Utrecht Avenue in Kings County.

9.    On February 28, 2013, I arrested Mario Valdiviezo for the rape of Skylee Marrero.

10.    I am informed by Assistant District Attorney Olatokunbo Olaniyan of the Kings County District Attorney's office that the Defendant was subsequently indicted by a Kings County Grand Jury for Use of a Child in a Sexual Performance, Possessing a Sexual Performance by a Child, Rape in the Second Degree, Endangering the Welfare of a Child, and other related charges.

11.    The aforementioned gray hard drive with serial number E101559 is currently within the possession of the New York City Police Department under property clerk invoice number 3000189256.

*Exhibit 3*

12.    Based on the above, and my training and experience, it is my opinion that the hard drive contains evidence related to the crimes of Use of a Child in a Sexual Performance, Possessing a Sexual Performance by a Child, Rape in the Second Degree, Endangering the Welfare of a Child, and the other related charges for which the Defendant stands indicted.

I request that any examination by this Court and the sworn and stenographically transcribed minutes thereof be incorporated by reference into and made a part of this application.

I further request that the minutes of any examination conducted by this Court be sealed except for one copy, which will be maintained by the Sex Crimes Bureau of the Kings County District Attorney's Office until needed for the prosecution resulting from the execution of this warrant.

*Exhibit 1*
*Recovered From a*
*Bedroom Closet ?*

WHEREFORE, I respectfully request that the Court issue a warrant and order for seizure, in the form annexed, authorizing a search and forensic examination of the gray external hard drive serial number E101559 recovered from a bedroom closet in 6408 New Utrecht Avenue in Kings County.  I further request that any property seized from the forensic examination and search be stored at the offices of the New York City Police Department and that a written inventory be brought before this Court.

I further respectfully request that the Court take any additional action it may deem appropriate and proper.

False Statements Made in this Document Are Punishable as a Class A Misdemeanor Pursuant to Section 210.45 of the Penal Law.

Detective Kimberly Marshall, Shield #750

Sworn to before me this
4th day of October, 2013

JSC

HON. NEIL JON FIRETOG

*Page 2 of the NYS Domestic Incident Report:*
## STATEMENT OF ALLEGATIONS / SUPPORTING DEPOSITION

Suspect Name (Last, First, M.I.)

VAldIUIERO , MARIO

I, Delia _____ (victim/deponent name), state that on 2/26/13 , (date) at 10:30 pm
Yo, _____ (nombre de victima/deponente), declaro que en tal fecha _____ en _____

(location of incident), in the County/City/Town/Village of _____, of the state of New York, the following did occur:
(donde el incidente ocurrio), el condado/ciudad/aldea/pueblo de _____, del estado de Nueva York, lo siguiente ocurrio:

I had a argument with Mario valdivero in the
month of November about a video In his lahtop
of sex. The video dissapear. In the month of
2/25/13 at around 10 pm mario come home from
work and we arqued about how I oht and
the video was Brought up of him and my
l.l cousio making sex video. I started to
pack my stuff when all Mario clothes falls
down and a gun is on the flmr Mario picked it
up and was saying i. I keep on with the
video shit that he should use it on me.
I got scared. And the nite of 2/27/13 I
found in Mario BookBag the sex video of Mario
and Sky he put the gun under the Bed

✱

✱EXhibit 2

*(Use additional pages as needed)*

**False Statements made herein are punishable as a Class A Misdemeanor, pursuant to section 210.45 of the Penal Law.**
Declaraciones falsas hechas aqui son castigables como una clase de delito menor, de acuerdo con la seccion 210.45 de la
ley penal.

_____    2/28/13
Victim/Deponent Signature            Date
Firma de victima/deponente           Fecha

_____    _____
Interpreter                          Date

_____    2/28/13
Witness or Officer                   Date

**Note:**
Whether or not this form is signed, this DIR form will be filed with law enforcement.

**Nota:**
Si esta forma esta firmada, o no, esta DIR forma sera registrada con la policia.

EXHIBIT 4

Old & New
Wright 2R.

Valdiviezo, Mario.
11/3/76
(917) 676-0272.

16 y/o. Sasha Valdiviezo.

2316

Yes had sex.

2 years ago.

Yes. x three.

No.

Yes. video

*Exhibit 5*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF *Kings*   *PA20*

------------------------------------------------

THE PEOPLE OF THE STATE OF NEW YORK,

                RESPONDENT,

-AGAINST-

*Mario Valdiviezo*

                DEFENDEANT

------------------------------------------------

NOTICE OF MOTION
TO DISMISS
INDICTMENT FOR
DENIAL OF RIGHT
TO SPEEDY TRIAL
PURSUANT TO
CPL § 30.20/30.30

Docket No. *2013QN016260*
Indict. No. *01936/2013*
NYSID No. *11578161R*

PLEASE TAKE NOTICE, that upon the annexed affidavit of *Mario Valdiviezo*, duly affirmed the *17th* day of *January*, 20*14*, and upon the indictment and all the proceedings had herein, the under signed will move this Court *Kings County Supreme* thereof,   to be held at the courthouse located at *320 Jay Streets*, county of *Kings*, on the *24th* day of *January*, 20*14* at 9:30 o'clock in the forenoon of that day or as soon thereafter as counsel can be heard for an order   dismissing the indictment herein, upon the ground that the defendant has been denied   his right to a speedy trial as guaranteed by the Sixth Amendment of the United States Constitution and pursuant to sections 30.20 and 30.30 of the New York State Criminal Procedure Law, and any further relief as the court may deem just and proper.

                Yours, etc...

                DEFENDANT
                *141-13-02680*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF _Kings_

-------------------------------------------------

THE PEOPLE OF THE STATE OF NEW YORK,

                    RESPONDENT,

            -AGAINST-

_Mario Valdiviezo_,
                    DEFENDANT.

-------------------------------------------------

AFFIDAVIT IN SUPPORT
OF MOTION TO DISMISS
INDICTMENT FOR
DENIAL OF RIGHT
TO SPEEDY TRIAL
PURSUANT TO
CPL § 30.20/30.30

Docket No. _2013KN 016260_
Indict. No. _01936/2013_
NYSID No. _11571816R_

STATE OF NEW YORK )
COUNTY OF _Bronx_ ) ss.:

I, _Mario Valdiviezo_, being duly sworn, deposes and says:

    I am the defendant in the above-entitled action, and is personally familiar with the facts and circumstances herein stated.

    On the _28th_ day of _February_, 20_13_, a complaint was filed in the Criminal Court of _Kings_ County, charging the said defendant with the offense(s) of _Rape 2nd_ in violation of New York State Penal Law, section(s) _130.30_.

    Arraignment of the defendant on the above-mentioned complaint took place in this Court on the _1st_ day of _March_, 20_13_, and defendant was held for Grand Jury proceedings. Subsequently, defendant was indicted for the aforementioned charges and was arraigned upon said indictment in Supreme Court, _Kings_ County, on the _6th_ day of _March_, 20_13_. plea of guilty has been entered by said defendant nor has a trial been comu aforementioned charge(s).

## STATEMENT OF FACTS

The District Attorney's Office has failed to produce the evidence against the defendant. they have violated constitutional mandates under Brody/Rasario. The District Attorney's office has requested adjournments because they are unable to produce the evidence against the defendant within the constraints of the 6th amendment as well as the fourteenth amendment and the Criminal Procedure Law.

# ARGUMENT

Once an accusatory instrument is filed    against a defendant, the criminal action and the statutory time limitations involved in the action, are in effect.

C.P.L. 30.30(1)(a) mandates that the people be ready for the trial of a felony within six months, in this case _341_ days, from commencement of the criminal action. Failure to be ready within six months   will result in dismissal of the indictment unless the prosecution can show that certain time periods should be excluded.

"Ready for trial" comprises two elements, (i) " either a statement of readiness by the prosecutor in open court, transcribed by a   stenographer, or recorded by the clerk, or a written notice of readiness sent by the prosecutor to both defense counsel and the appropriate court clerk" and (ii) the people must in fact be ready to proceed at the time they declare readiness. Delays caused by pre-readiness court congestion do not excuse the People from timely declaring their readiness for trial.

Thus, in the absence of a statement of readiness to proceed, any delay due to court congestion is entirely chargeable to the people. This delay, for which the said defendant is not responsible, has resulted in a denial of the said defendant's right to a speedy trial, as guaranteed by sections 30.20 and 30.30 of the  New York State Criminal Procedure Law and the Sixth Amendment of the United States Constitution as made applicable to the States by the Due Process Clause of the Fourteenth Amendment.

WHEREFORE, this petitioner respectfully prays that an order be issued granting this motion pursuant to the aforesaid sections of the New York State Criminal Procedure Law, and taking into consideration the facts and argument annexed herein, or, in the alternative, an order be issued granting partial relief, or whatever relief the Court sees and deems fit and appropriate to insure the swift and proper administration of justice.

Yours, etc...

DEFENDANT

Sworn to before me this

_____ day of _____ 20 __

NOTARY PUBLIC / COMMISSIONER OF DEEDS

<u>AFFIDAVIT   OF SERVICE</u>

STATE OF NEW YORK )
COUNTY OF _Bronx_ ) ss:

I, _Mario Vobiureo_ , being duly sworn deposes and says:
That I have on the _17th_ day of _January_, 20 _14_, placed and
submitted the original and copies of this mo⊏ion to be duly mailed via the United States
Postal Service, through the institutional mail ⊏room of the _____ _Gruc_
Correctional Facility.  Said moving papers w⊏ere mailed to the following concerned
parties:

District Attorney
_Kings_ County
_350 Jay St._
_Brooklyn, NY  11201_

Supre : Court
_Kings_ County
_320 Jay Street_
_Brooklyn  NY 11201_

_Lisa Schiable_, Defense Counsel
_____
_____

Yours, etc.,
X _____
DEFENDANT

Sworn to before me this
_17th_ day of _May_, 20 _14_

_____
NOTARY PUBLIC / COMMISSIONER OF DEEDS

RUTH M___ ___
Notary Public, Sta___ N___ ___
No. 01___
Qualified in Queens ___
Commission expires F___  ___

Exhibit 6

SUPREME COURT STATE OF NEW YORK

COUNTY OF _Kings_ PART _20_

-----------------------------------------------

THE PEOPLE OF THE STATE OF NEW YORK

       -against-

      _Mario Valdivieso_

          Defendant

NOTICE OF MOTION

CPL §210.20/210.25

Ind#: _01936/2013_

-----------------------------------------------

PLEASE TAKE NOTICE that upon the annexed duly verified affidavit of _Mario Valdivieso_ and

upon the indictment filed against the above named defendant in this Court on the

_March 6, 2013_, and upon the arraignment had herein, the undersigned will move this

Court at a part _20_ thereof, to be held at the Courthouse located at

_320 Jay Street_, on the _April 8, 2014_ at _9:30_ o'clock in the forenoon

or as soon thereafter as counsel can be heard for an order dismissing the indictment or a count

thereof pursuant to section 210.20 of the Criminal Procedure Law upon the ground that the

indictment was found at a defective grand jury proceeding within the meaning of §210.25 of

the Criminal Procedure Law, and upon the further ground that _that the indictment_
_is defective within the meaning of CPL § 200.50 and_
_§ 210.35 of the Criminal Procedure Law_ and

for such other and further relief that this Court may deem just and proper.

Date: _January 19, 2014_

                            Respectfully,

SUPREME COURT STATE OF NEW YORK

COUNTY OF _Kings_ PART _20_

---------------------------------------------------

THE PEOPLE OF THE STATE OF NEW YORK

     -against-

     _Mario Valdiviezo_

         Defendant

AFFIDAVIT IN SUPPORT OF MOTION

CPL §210.20/210.25

Ind#:_01936/2013_

---------------------------------------------------

State of New York)

County of _Kings_ ) ss.:

_Mario Valdiviezo_, being duly sworn deposes and says that I am the defendant in the

above entitled action and am personally familiar with the facts herein stated.

    The said defendant was indicted by the Grand jury of the County of _Kings_ on the

_9th_ day of _March_ 20_13_, charged with the crime of _Rape 2nd_ in

violation of § _130.70_ of the Penal Law, a copy of said indictment is annexed hereto

marked exhibit _____. Arraignment of the defendant upon the indictment took place in this

Court on the _6th_ day of _March_ 20_14_, to this date no plea of guilty has been

entered by said defendant nor has a trial been commenced as to the aforementioned charge.

    This application is made upon the ground that the indictment or a count of the

indictment was found at a defective Grand Jury proceeding within the meaning of §210.25 of

the Criminal Procedure Law in that the statute defining the offense charged in the indictment is

In addition, the counts in the Defendant's indictment were duplicitous. The Defendant argues that there is no possible way the Grand Jury could understand the instructions because of the duplicity and more specifically the multiplicity of the Defendant's indictment. CPL § 200.30.

unconstitutional and invalid because *the defendant was not accorded an opportunity to testify before the grand jury. Defendant's 6th amendment right to effective counsel was violated because defendant informed his attorney that he wanted to testify and his attorney did not allow him to. People v. Corona, . Also, the indictment did not conform to the requirements of CPL §200.50,*

No previous application for the relief sought herein has been made.

WHEREFORE, your deponent prays for an order dismissing the indictment and any further relief

that this court may deem just and proper.

Sworn to before me this *18th*

Day of *January* 20 *14*

_____

Notary Public

[notary stamp]

Respectfully,

_____

<u>AFFIDAVIT OF SERVICE</u>

STATE OF NEW YORK     }
COUNTY OF _Bronx_     }     s.s.:

I, _Marco Valdivieso_ , being duly sworn deposes and says:

That I have on the _18th_ day of _January_ , 20 _14_ placed and submitted the original and copies of this motion to be duly mailed via the United States Postal Service, through the institutional mailroom of the _Cexic_ Correctional Facility. Said moving papers were mailed to the following concerned parties:

District Attorney
_Kengs_ County
_350 Jay Street_
_Brooklyn_, _NY 11201_

Supreme Court
_(Kings)_ County
_320 Jay Street_
_Brooklyn_, _NY 11201_

_____, Defense Counsel
_____
_____

Respectfully submitted,

_____
Defendant

141 13 02680

Sworn to before me
This _18th_ day of _January_, 20 _14_

_____
NOTARY PUBLIC/COMMISSIONER OF DEEDS

*Exhibit F*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF _____ : CRIMINAL TERM PART

NOTICE OF MOTION FOR
REASSIGNMENT OF COUNSEL
COUNTY LAW § 722 – C

THE PEOPLE OF THE STATE OF NEW YORK,

- against -

*Mario Valdiviezo*

Indictment No. *01936/2013*

S.I.R.S.:

     PLEASE TAKE NOTICE that upon the annexed affidavit of *Mario Valdiviezo*, and

upon all the proceedings heretofore had herein the above named defendant being duly sworn to

this ___ day of *December*_____, 20*14* will move this Court at a Term, Part *50*___ thereof

to be held at the Courthouse located at *320 Jay Street , Brooklyn,* New York, on the ___

day of *January 23*_____, 20*15* at 9:30 A.M. of that day or soon thereafter as defendant can

be heard for an order pursuant to Article 18 – B and section 772 – C of the County Law;

requesting that the Court authorize the services Nunc Pro Tunc of the reassigning of counsel and

the assigning of a private investigator for the defendant to prepare his defense herein, and for

such other and further relief as to this Court deems just and proper.

                                Respectfully Submitted,

To: Hon._____, Esq.,
    District Attorney
    County of

                        Defendant
                        15 – 15 Hazen Street
                        East Elmhurst, NY 11370

SUPREME COURT OF THE STATE OF NEW YORK          AFFIDAVIT IN SUPPORT
COUNTY OF                    : CRIMINAL TERM PART

THE PEOPLE OF THE STATE OF NEW YORK,                 Indictment No. _01936/2013_

- against -

_Mario Valdivieso_ , Defendant.

STATE OF NEW YORK    )
                     )ss.
COUNTY OF            )

I, _Mario Valdivieso_ , being duly sworn, deposes and says:

1.  That I am a detainee presently being incarcerated at George Motchan Detention Center,
    Rikers Island, listed under the mailing address of 15–15 Hazen Street, East Elmhurst,
    New York 11370.

2.  Whereupon, although I am personally familiar with all of the facts and statements hereinafter
    stated to the best of my knowledge, information and belief; I am a layperson in matters of the
    law and seek this Court's indulgence for errors, omissions, defects and irregularities pursuant
    to Civil Practice Law and Rules sections 2001 and 2101(F) thereof.

3.  I am the defendant in the above entitled action and make this Affidavit in Support of a Motion
    to Reassign Counsel, ordering such services Nunc Pro Tunc and assign a private investigator
    pursuant to County Law section 722 – C and Article 18 – B thereof.

4.  I am being charged with the offense(s) of _Rape 2 degree_ _____

    _____

    _____

    _____

    In violation of section(s) _130.30_ _____ of the Penal Law.

5. I know that I am being charged with a serious crime and even though I am presumed innocent and need say nothing at my trial, in reality I must have a competent, caring, effective and energetic counsel in the preparation of my defense.

6. This case has been pending for over three months and my present attorney of record, M Edward Friedman Esq., besides trying to get to "cop a plea" has failed to:

    A. visit me at my place of confinement;

    B. inform me of any pertinent motion made, including Bill of Particulars, Omnibus, Suppression, etc., filed on my behalf;

    C. conduct an investigation in the matter of this action on my behalf;

    D. make any bail requests or reduction applications on my behalf, just to name a few.

Whereupon, I feel that my attorney of record has failed to comply with attorney's ethical obligation of defense counsel to client.

7. Taking into consideration that my attorney of record M Edward Friedman Esq., has a busy practice, my first and only concern is that I am facing long prison time because I lack proper representation and trial to counsel would be meaningless if it did not require effective assistance and substantial aid. See, Powell v. Alabama, 1932, 287 U.S. 45.

8. Hereto, counsel must confer with his client without undue delay and as often as necessary to advise him or her of his rights and to elicit matters of defense or to ascertain that potential defenses are unavailable. Counsel must conduct appropriate investigations, both factual and legal to determine if matters of defense can be developed and to allow himself enough time for reflection and preparation for trial. Coles v. Peyton, 1968, 389 F. 2D 224.

9. While it is the responsibility of an attorney to provide the client with his or her best advice, that attorney must ultimately not only consult, but taken into account the needs and desires of his client. People v. Renaud, 535 N.Y.S. 2D 985.

10. The denial of opportunity for appointed counsel to confer and consult with the accused and to prepare his defense could convert the appoint of counsel into sham and nothing more than a formal compliance with the Constitutional requirement that an accused be given assistance of counsel. <u>Avery v. Alabama</u>, 1940, 308 U.S. 444.

11. The standard endorsed by the American Bar Association Project on Criminal Justice are in part:

Section 3.1 (a) A lawyer must establish a relationship of trust with his client;

Section 3.8    the lawyer has a duty to keep his client informed of the developments in the case and the progress of preparing the defense;

Section 3.8 (c) the interview should be carried out in private and the lawyer protest against barriers to the development of a reasonable lawyer client relationship.

Section 6.1 (b) The commentary in this Section notes that the lawyer's duty is to determine from the knowledge of all the facts whether the client is guilty in law, now in some moral sense, and the lawyer must employ ingenuity to locate witnesses.

12. Further, the right to counsel is guaranteed by the Federal and State Constitutions (U.S. Constitution, Art. I Section 6). The enforcement of this right, however, "calls for more than merely Pro Froma appointment of or service by a member of the Bar. The legal assistance provided must be effective. To insure that it is, trial Judges have a continuing legal duty, duty not to be lightly eschewed, to see to it that the proceedings are conducted with solicitude for the essential rights of the accused. They should carefully evaluate serious complaints about counsel". <u>People v. Median</u>, 44 N.Y.S: 2d 588, 375 N.E. 2d 768; <u>People v. Corona</u>. 1991, 567 N.Y.S. 2d 353.

# STATEMENT OF FACTS

On Dec. 8, 2014 My attorney of record Edward Friedman who with a month of notice to get my paper work, not only did he not Video Conference me before the court date, which he say he would do, but also came at me with a Narty addtitud and an unproffesional approach, Not Wanting to hear my side of events, stopping me while he was writting few Notes, to tell me the my life was Complicated, and went on saying; you did what you did, you enjoy your self now Pay the Consequences!; and the I should take the Plea!!

it was clearly, the he didn't met the standards of Section 3.1(a) of the American Bar Association, and his ability to represent me Properly. With out even analyzing the whole Case he mention to just take the plea and Not go to trial, but if I did want to go to trial, he wouldn't mind get the 70$ an hour

I Feel scare and lost all confidence of being represented Properly by a Désinterested lawyer who from started would Violated my rights.

I respectfully request the Court to be Assignment by a Counsel of Spanish speaking so I dont have to deal with a translated or I rather to be ~~assign~~ have assign Counsel LEAH Mc Milleon who I heard is a Fair and Proffesional Counsel, some one who could heard me out, analyze, investigate, and could brind all witnesses so I could have a Fair trial.

Truelly yours    Maria ____

13. Comparing the level of representation now provided by M _Edward Friedman_, Esq., with the American Bar Association's standards, it becomes self evident that said representation does not measure up to the constitutionality required level.

14. No previous application for the relief sought herein has been made in this or any other Court.

WHEREFORE, M _Edward Friedman_, Esq., should be ordered relieved and substituted through assignment of another attorney and private investigator assigned thereto; and for such other and further relief as this Court seems just and proper as to defendant's request herein.

Respectfully Submitted,

Defendant
15 – 15 Hazen Street
East Elmhurst, NY 11370

Sworn to and subscribed to before me
This ____ day of _____, 20 14

_____
NOTARY PUBLIC

STATE OF NEW YORK      )

COUNTY OF _Bronx_      )  ss:

Name of Document(s)

_____

_____

I, _Mario Voltimez_, being duly sworn, deposes and says:

That I have on the _12_ day of _December_ 20_14_

place and submitted the within _____ copies of moving paper(s), to be duly

mailed via the United States Postal Service, through the institutional mailroom

at the _____ located at _____ Hazen St., East Elmhurst, New

York. 11370, to the following concerned parties.

_Supreme Court_
_320 Jay Street_
_Brooklyn, NY 11201_

_District Attorney_
_350 Jay Street_
_Brooklyn, NY 11201_

_Edward Friedman    Defense Counsel_
_26 Court Street    Suite 1903_
_Brooklyn, NY 11242_

Respectfully

_____

Sworn to beofre me this

_12_ day of _December_ 20_14_

Notary Public, State of New York
No. 01SH4688776
Qualified in New York County
Commission Expires June 30, 15



United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 230
New York, NY 10007

RECEIVED
SDNY PRO SE OFFICE
2015 MAR 24 P 12: 04

Mario Valdivieso
#141 302680
G.N.D.C
15-15 Haven St
East Elmhurst, NY 11370