UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X

MARIO VALDIVIEZO,

                                    Plaintiff,

                -against-

THE CITY OF NEW YORK, DECT. KIMBERLY
MARSHALL and EDWARD FRIEDMAN,

                                    Defendants.

------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ AUG 2 4 2015 ★

BROOKLYN OFFICE

**MEMORANDUM AND ORDER**

15-CV-1727 (SLT)(LB)

**TOWNES, United States District Judge:**

On March 12, 2015, plaintiff Mario Valdiviezo, who is currently incarcerated,

commenced this *pro se* action against the City of New York (the "City"); Detective Kimberly

Marshall, who interrogated him following his arrest on February 28, 2013; and Edward

Friedman, the attorney who represented plaintiff in state criminal proceedings arising from that

arrest. The Court grants plaintiff's request to proceed *in forma pauperis* but, for the reasons set

forth below, dismisses the City of New York and Friedman from this action.

*BACKGROUND*

This is one of three § 1983 actions which plaintiff filed in federal court while

incarcerated on Rikers Island. The first—*Valdiviezo v. City of New York*, No. 14-CV-3807

(SLT)—was filed in this Court in June 2014, and alleged that the City and other defendants—

including the "Board of Correction" and Dora Schriro, the former Commissioner of the New

York City Department of Correction—violated his Eighth Amendment rights by depriving him

of a medically necessary double mattress. In a memorandum and order dated September 2,

2014, and filed September 5, 2014 (the "First M&O"), this Court *sua sponte* dismissed that

action. The First M&O explained, among other things, that a municipality cannot be held liable under § 1983 solely because it employs a tortfeasor and that plaintiff needed to allege the existence of a municipal custom or policy that violated his Constitutional rights in order to state a claim against the City.

The second action, *Valdiviezo v. City of New York*, No. 14-CV-4897 (SLT), was commenced in July 2014. The complaint in that action named three defendants: the City, the New York City Police Department's 66th Precinct, and a detective from that precinct who was involved in plaintiff's arrest on February 28, 2013. In a memorandum and order dated and filed September 16, 2014, the Court *sua sponte* dismissed the claims against the City and the 66th Precinct, again explaining that a municipality cannot be held liable under § 1983 solely because it employs a tortfeasor and that plaintiff would have to allege the existence of a municipal custom or policy that violated his Constitutional rights in order to state a claim against the City. *Valdiviezo v. City of New York*, No. 14-CV-4897 (SLT), 2014 WL 4638932 (E.D.N.Y. Sept. 16, 2014).

The Court permitted the second action to continue against the detective, who was served with a summons and complaint in mid-October 2014. That complaint was subsequently deemed amended to add another detective involved in plaintiff's arrest. Both detectives have been served with process, and that action remains pending.

*The Instant Action*

In March 2015, plaintiff commenced this *pro se* action by filing a form "Complaint under the Civil Rights Act, 42 U.S.C. § 1983," together with a "Request to Proceed *In Forma Pauperis*," in the United States District Court for the Southern District of New York (the "SDNY"). In a Transfer Order dated March 30, 2015, SDNY Chief Judge Loretta Preska directed that this action be transferred to this Court. Judge Preska reasoned that although venue was proper in the SDNY, it was appropriate to transfer the case because, *inter alia*, this action appeared to arise out of the same facts as *Valdiviezo v. City of New York*, No. 14-CV-4897 (SLT).

The complaint in this action includes a five-page "Statement of Facts," which contains most of the factual allegations alleged in the pleading. The first two pages of the Statement of Facts principally allege that defendant Marshall, the detective who questioned plaintiff following his arrest, violated plaintiff's federal and state Constitutional rights during that February 28, 2013, interrogation. Specifically, plaintiff alleges that Marshall did not provide him with an interpreter, despite his requests; failed to read plaintiff his *Miranda* warnings; did not provide plaintiff with any sustenance or a bathroom break during the interrogation; falsely advised plaintiff that he could go home if he made a statement; and told plaintiff to state that the alleged victim of the rape which Marshall was investigating was 16, not 17, years old. In addition, plaintiff implies that Marshall made false statements in a subsequent search warrant affidavit,

alleging that a hard drive was recovered from a closet in plaintiff's bedroom and that it was likely to contain evidence relevant to the crimes for which plaintiff had been indicted.

The last two pages of the Statement of Facts contain allegations relating to Friedman, the private attorney who replaced Lisa Salvatore as defense counsel in plaintiff's criminal case in December 2014. Plaintiff claims that Friedman has provided ineffective assistance of counsel, alleging that he encouraged plaintiff to take a plea and failed to contact certain witness or to investigate the case. Plaintiff speculates that Friedman is not going to represent plaintiff properly at the upcoming trial, stating that he has "no idea of how [Friedman] is going to go about" representing him. Statement of Facts, p. 5. Plaintiff moved in state court for reassignment of counsel, but that motion was denied.

The Statement of Facts contains virtually no allegations concerning the City. Although it states that plaintiff was indicted on March 6, 2013, it also alleges that the City violated plaintiff's First, Fifth and Fourteenth Amendment rights by depriving him of his "right to a Grand Jury." Statement of Facts, p. 2. In addition, plaintiff alleges that he was "denied the liberty of speech or of the press to defend [him]self." *Id.*, pp. 2-3.

The complaint primarily seeks to have this Court intervene in plaintiff's criminal case, alleging that the "most important reason" for bringing this action is "to have [his] rights protected under the U.S. Constitution," so as to ensure that he has "an effective counsel and a fair trial." *Id.*, p. 5. However, the pleading also requests that the Court take "any action it may deem appropriate and proper" with respect to Marshall and Friedman's "improper use of authority, wrongful acts, ineffective assistance of counsel and violation of [plaintiff's]

4

Constitutional rights." *Id.* The complaint does not specifically request damages from these two individuals, but requests damages of $3 million from the City and unspecified "members of the law and justice department of New York" for violating his First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendment rights.

## DISCUSSION

### *Standard of Review*

Section 1915A(a) of Title 28 of the United States Code requires a district court to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Upon review, the court is required to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint ... (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). When a prisoner is proceeding *pro se*, the Court is required to read the complaint liberally and interpret it as raising the strongest arguments it suggests. *See Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999).

5

Even a *pro se* complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.* The Federal Rules of Civil Procedure do not require detailed factual allegations, but demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As the Supreme Court has stated:

> A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."

*Id.* (quoting *Twombly*, 550 U.S. at 555, 557) (brackets added in *Iqbal*).

### *Section 1983*

According to the caption of the Complaint, plaintiff is proceeding pursuant to 42 U.S.C. § 1983. This section provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

6

This statute "creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993).

In order to maintain a § 1983 action, a plaintiff must allege both that the conduct complained of was "committed by a person acting under color of state law" and "deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). Moreover, "[i]t is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under §1983.'" *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)). Plaintiff cannot base a defendant's liability on *respondeat superior* or on "linkage in the ... chain of command." *Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003).

### Plaintiff's Claims against the City of New York

Although municipalities, such as the City, are considered "persons" for purposes of § 1983, the Supreme Court has held that "a municipality may not be held liable under § 1983 solely because it employs a tortfeasor." *Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997); *see Monell v. Dep't of Social Servs.*, 436 U.S. 658, 689 (1978). Rather, in *Monell* and subsequent cases, the Supreme Court has "required a plaintiff seeking to impose liability on a municipality under § 1983 to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Brown*, 520 U.S. at 403 (citing cases). A municipal "policy" results "from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be

said to be those of the municipality." *Id.* at 403-04 (citing *Monell*, 436 U.S. at 694). A

"custom" is a practice which, although not formally approved by an appropriate decisionmaker,

is "so widespread as to have the force of law." *Id.* at 404 (citing *Monell*, 436 U.S. at 690-91).

In order to state a claim against a municipality, a plaintiff must "allege facts sufficient to

show that the ... violation of his constitutional rights resulted from a municipal custom or

policy." *Costello v. City of Burlington*, 632 F.3d 41, 49 (2d Cir. 2011) (internal quotations and

citation omitted); *see Ceparano v. Suffolk County Dep't of Health*, 485 Fed. App'x 505, 508 (2d

Cir. 2012) (summary order). Although there is no heightened pleading requirement for claims

alleging municipal liability, *see Leatherman v. Tarrant County Narcotics Intelligence &*

*Coordination Unit*, 507 U.S. 163, 168 (1993), the Second Circuit has affirmed the *sua sponte*

dismissal of claims against municipalities in cases where the complaint failed to plausibly

allege that the constitutional violation at issue resulted from a municipal custom or policy. *See,*

*e.g., Meehan v. Kenville*, 555 Fed. App'x 116, 117 (2d Cir. 2014) (summary order) (claim

against a municipal entity was properly dismissed under 28 U.S.C. § 1915 for "failure to

plausibly allege that any constitutional violation resulted from a custom, policy or practice of the

municipality"); *Cancel v. Amakwe*, 551 Fed. App'x 4, 7 (2d Cir. 2013) (summary order) (claims

against City properly dismissed under 28 U.S.C. § 1915 where plaintiff failed to "plausibly

allege that he was deprived of a constitutional right pursuant to an official or unofficial

municipal policy").

In this case, plaintiff's allegations against the City, though unclear, do not allege the

existence of a municipal policy or custom. The complaint alleges that the City violated his

8

Constitutional rights "to a Grand Jury," Statement of Facts, p. 2, and to freedom "of speech or of the press ...." *Id.*, pp. 2-3. However, these conclusory allegations do not explain how these rights were allegedly violated, much less suggest that these violations were attributable to a policy or custom.

Indeed, the facts alleged in the complaint suggest that plaintiff's rights were not violated and that, if they were, the violation was not attributable to the City. First, plaintiff's complaint specifically alleges that plaintiff was indicted, which implies that his case was presented to the Grand Jury. Moreover, plaintiff does not allege that he filed a notice of intent to testify before the Grand Jury with the District Attorney or that the District Attorney disregarded this notice. Second, although plaintiff's complaint alleges many facts concerning the criminal prosecution, none of these facts allege that the City infringed his rights to free speech or to contact the press.

Furthermore, actions attributable to the prosecution are not generally attributable to the City. "When prosecuting a criminal matter, a district attorney in New York State ... represents the State ...." *Ying Jing Gan v. City of New York*, 996 F.2d 522, 536 (2d Cir. 1993) (citing *Baez v. Hennessy*, 853 F.2d 73, 77 (2d Cir. 1988)). A district attorney is considered a municipal policymaker for the City of New York only with respect to matters relating to the administration of the district attorney's office. *Id.* (citing *Walker v. City of New York*, 974 F.2d 293, 301 (2d Cir. 1992). There is nothing to suggest that the constitutional violations attributed to the City in plaintiff's complaint in this case were related to management of the district attorney's office rather than to the prosecution of the criminal case against plaintiff. Accordingly, plaintiff's § 1983 claims against the City are dismissed.

*Plaintiff's § 1983 Claims against Friedman*

Plaintiff's § 1983 claims against defendant Friedman are also dismissed because Friedman is not a state actor. This Court will take judicial notice of the fact that Friedman is a private attorney, not a state employee. *See* http://iapps.courts.state.ny.us/attorney/Attorney Details?attorneyId=5430515. "It is well established that private attorneys—even if the attorney was court appointed—are not state actors for the purposes of § 1983 claims." *Licari v. Voog*, 374 Fed. App'x 230, 231 (2d Cir. 2010) (summary order) (citing *Rodriguez v. Weprin*, 116 F.3d 62, 65-66 (2d Cir. 1997) (private attorney not a state actor by virtue of his appointment by the court to represent a defendant in a state criminal proceeding).

*Injunctive Relief*

To the extent that plaintiff's complaint can be read as requesting injunctive relief with respect to the criminal proceedings pending against him in State court, that request is denied. "[A] preliminary injunction is an extraordinary and drastic remedy," *Sussman v. Crawford*, 488 F.3d 136, 139 (2d Cir. 2007), which is "never awarded as of right," *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008), or "as a routine matter." *JSG Trading Corp. v. Tray-Wrap, Inc.*, 917 F.2d 75, 80 (2d Cir. 1990). To obtain a prohibitory injunction, a party must show "(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010). When a party seeks a mandatory preliminary injunction that alters the status quo

by commanding some positive act, as opposed to a prohibitory injunction seeking only to maintain the status quo, a preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (quoting *Citigroup Global Mkts*, 598 F.3d at 35 n.4).

When a party seeks to enjoin pending state criminal proceedings the standard for obtaining injunctive relief is even more exacting. The United States Supreme Court has held that "a federal court may not enjoin a pending state criminal proceeding in the absence of special circumstances suggesting bad faith, harassment or irreparable injury that is both serious and immediate." *Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). "The 'cost, anxiety, and inconvenience of having to defend against a single criminal prosecution' does not constitute the necessary type of irreparable injury." *Kirschner v. Klemons*, 225 F.3d 227, 233 (2d Cir. 2000) (quoting *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 601-02 (1975)).

Plaintiff has not met this exacting standard. First, if plaintiff was not Mirandized or was pressured into giving an incriminating statement, plaintiff could move to suppress his statement at a *Huntley* hearing. Similarly, if the warrant to search the hard drive allegedly recovered from plaintiff's home was obtained through false representations, made knowingly and intentionally or with reckless disregard for the truth, plaintiff could move to suppress the contents of the hard drive. *See, e.g., McColley v. County of Rensselaer*, 740 F.3d 817, 823 (2d Cir. 2014); *Soares v. Connecticut*, 8 F.3d 917, 920 (2d Cir. 1993).

11

Although plaintiff is clearly dissatisfied with Friedman's representation, his pleading does not articulate a factual basis for relieving Friedman as counsel. Rather, plaintiff—who admits he has "no idea of how [Friedman] is going to go about" representing him at trial, Statement of Facts, p. 5—merely speculates that Friedman is not going to represent him properly. If plaintiff is convicted, plaintiff will still be able to appeal his conviction on ineffective assistance grounds. Accordingly, plaintiff allegations do not make out the special circumstances or irreparable injury that would justify enjoining his upcoming criminal trial.

## CONCLUSION

For the reasons set forth above, the complaint is dismissed as to defendants City of New York and Edward Friedman for failure to state a claim pursuant to 28 U.S.C. §§ 1915A(b). No summons shall issue as to these defendants. The complaint against Detective Kimberly Marshall, who was employed at the 66th Precinct on or about February 28, 2013, shall proceed. The Clerk of Court shall issue a summons as to this defendant and the United States Marshals Service is directed to serve the summons, plaintiff's complaint and a copy of this Memorandum and Order upon this defendant without prepayment of fees. The Clerk of Court shall mail a courtesy copy of the same papers to the Corporation Counsel for the City of New York, Special Federal Litigation Division.

The case is referred to the Honorable Lois Bloom, United States Magistrate Judge, for pretrial supervision. Judge Bloom may wish to consolidate this case with *Valdiviezo v. City of*

12

*New York*, No. 14-CV-4897 (SLT)(LB), for discovery purposes and to stay this action pending

resolution of plaintiff's criminal prosecution. The Court certifies pursuant to 28 U.S.C.

§ 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis*

status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45

(1962).

**SO ORDERED.**


/SANDRA L. TOWNES
United States District Judge

Dated: August **24**, 2015
      Brooklyn, New York